[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11798
Non-Argument Calendar

_____

D. C. Docket No. 06-01937-CV-ORL-22-KRS

MARILYN WOODRUFF,

Plaintiff-Appellant,

versus

THE SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 19, 2008)

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Appellant Marilyn Woodruff appeals the district court's grant of summary

judgment in favor the School Board of Seminole County, Florida ("the School Board"), in her employment discrimination suit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. In her complaint, she raised claims of: (1) retaliation; (2) hostile work environment based on disability; (3) disability discrimination regarding her requests for reasonable accommodation in her job as Pre-K Assistant; and (4) disability discrimination regarding her requests for transfer to a Secretary position and other non-sedentary positions. The district court found that Woodruff did not present a *prima facie* case on any of her claims and granted summary judgment to the School Board on all claims.

On appeal, Woodruff argues that she presented a *prima facie* case of retaliation because she suffered several retaliatory acts after the School Board received notice of her September 2005 Equal Employment Opportunity Commission ("EEOC") charge. Second, she argues that she presented evidence that the School Board subjected her to a hostile work environment beginning in September 2005. Third, she contends that the district court erred in granting summary judgment on her disability discrimination claim because she presented evidence that the School Board did not provide her with reasonable accommodations in her job as Pre-K Assistant. Finally, she argues that the court erred in grant summary judgment on her disability discrimination claim because

2

she sought a transfer to a Secretary position and numerous other non-sedentary positions and she was qualified for those positions.

## I.

We review a district court's grant of summary judgment *de novo*, viewing all the evidence and making reasonable inferences in the light most favorable to the non-moving party. *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Speculation or conjecture from a party cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). We may affirm the district court's grant of summary judgment on any adequate ground supported by the record. *Smith v. Allen*, 502 F.3d 1255, 1280 (11th Cir. 2007). However, when the district court has not explicitly addressed an issue, we may choose to reverse the order and remand so that it may address the issue in the first instance. *See Beavers v. Am. Cast Iron Pipe Co.*, 975 F.2d 792, 800 (11th Cir. 1992).

"In the absence of direct evidence of discrimination, a plaintiff may establish a prima facie case of an ADA violation through circumstantial evidence using the

familiar burden-shifting analysis employed in Title VII employment discrimination cases." *Wascura v. City of South Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under this burden-shifting analysis, the plaintiff must first establish a *prima facie* case, which establishes a presumption of discrimination, and the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the action. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). If the employer articulates a reason, the presumption of discrimination disappears, and the plaintiff must satisfy the ultimate burden or showing that the employer's reason was a pretext for intentional discrimination. *Id.* This burden-shifting analysis applies equally to a retaliation claim. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997).

The ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under the [ADA]." 42 U.S.C. § 12203(a). Previously, we have held that, in order to establish a *prima facie* case of retaliation under the ADA, a plaintiff must show that: (1) she engaged in a statutorily protected expression; (2) she suffered an adverse employment

4

action; and (3) there was a causal link between the adverse action and protected expression. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001). We review ADA retaliation claims "under the same rubric used for Title VII retaliation claims." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999).

In *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006), the Supreme Court addressed a Title VII retaliation claim and rejected a rule that would limit the application of a retaliation claim to only the same conduct that would be actionable in a discrimination claim. *Id.*, at 67, 126 S. Ct. at 2414. The Supreme Court explained that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S. Ct. at 2415. Typically, "petty slights, minor annoyances, and simply lack of good manners" will not be considered retaliatory actions. *Id.*

If a plaintiff establishes a *prima facie* case of retaliation, the employer must articulate a legitimate, non-discriminatory reason for the challenged action. *Cleveland*, 369 F.3d at 1193. In doing so, the employer only has the burden of production and need not persuade the court that the proffered reasons actually

5

motivated it. *Wascura*, 257 F.3d at 1242. If the employer carries this burden, the plaintiff must establish that the proffered reason was pretextual.

A plaintiff's evidence of pretext "must reveal such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 771 (11th Cir. 2005). "Provided that the proferred reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it." *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). Evidence that an incident, relied upon by the employer, did not occur is not alone sufficient to show pretext. *Vessels*, 408 F.3d at 771. A plaintiff must present evidence that employer did not sincerely believe that the incident occurred. *Id.* For example, a plaintiff may challenge the employer's sincere belief by disputing the employer's testimony regarding events within the employer's personal knowledge. *Id.* Moreover, a mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

We assume, *arguendo*, that the standard articulated in *Burlington Northern*

applies to Woodruff's retaliation claim and that the district court erred in failing to use that standard to analyze her claim. Still, even though the district court did not go beyond the *prima facie* case stage of analysis, we may affirm the decision based on Woodruff's failure to demonstrate pretext. *See Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1236 n.5 (11th Cir. 2004) (considering pretext in the first instance because the record was "clear as to the final outcome" and "sufficiently developed" to decide the issue).

Assuming that Woodruff established a *prima facie* case of retaliation based on her disability, the district court properly granted the School Board summary judgment on the claim because she did not demonstrate pretext. The School Board articulated the following legitimate, non-discriminatory reasons for the alleged retaliatory actions: (1) it told Woodruff to store her wheelchair outside of the classroom because of space and safety issues; (2) the job performance counseling was due to legitimate complaints; (3) the misconduct write-up was in response to complaints of actual misconduct; and (4) the table, chair, and substitute teacher were removed in order to return her to her regular duties with accommodations. Because the School Board articulated legitimate reasons for taking these actions, Woodruff bore the burden of establishing that they were pretextual. Woodruff did not introduce any evidence to demonstrate that the School Board's reasons for

taking these challenged actions were pretextual. Therefore, we affirm the grant of summary judgment on this claim.

## II.

The ADA prohibits discrimination in the "[t]erms, conditions or privileges of employment." 42 U.S.C. § 12112(a). In construing identical language in Title VII, the Supreme Court has recognized the cognizability of such a claim under that statute. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 370, 126 L. Ed. 2d 295 (1993). In order to succeed on such a claim, the plaintiff must show that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (quotation omitted). To be actionable, behavior must be both objectively hostile or abusive, as judged by a reasonable person, and subjectively abusive to the actual victim. *Id.* at 21-22, 114 S. Ct. at 370. Factors relevant to the determination of whether a hostile work environment existed include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23, 114 S. Ct. at 371.

Assuming that such a claim is cognizable, we conclude from the record that the district court properly found that Woodruff failed to present a *prima facie* case

8

of hostile work environment under the ADA. The incidents that allegedly created the hostile work environment included false accusations of inappropriate conduct made against her, uncooperative behavior of co-workers, and skepticism regarding her disability. Still, the evidence did not demonstrate that she was subjected to an objectively and subjectively hostile work environment, and summary judgment in favor of the School Board on this claim was appropriate.[1]

## III.

The ADA prohibits discrimination against a disabled individual in regard to employment matters. 42 U.S.C. § 12112(a). In order to prove a *prima facie* case of employment discrimination under the ADA, the plaintiff must show that: "(1) she has a disability; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability." *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996). A qualified individual is unlawfully discriminated against if the employer does not reasonably accommodate the disability. 42 U.S.C. § 12112(b)(5)(A). The ADA defines a "qualified individual with a disability" as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position

---

[1] Because Woodruff does not challenge the district court's related grant of summary judgment on her constructive discharge claim, she has abandoned that issue. *See Mathews v. Crosby*, 480 F.3d 1265, 1268 n.3 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 865 (2008).

that the individual held or desires. 42 U.S.C. § 12111(8). Accordingly, if a

plaintiff is unable to perform an essential function of her job, even with an

accommodation, she is, by definition, not a "qualified individual" covered under

the ADA. *Davis v. Florida Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir.

2000).

"Whether a function is essential is evaluated on a case-by-case basis by

examining a number of factors." *Id.* An employer's judgment regarding the

essential functions of a job and its written description for the job are entitled to

substantial weight, but these factors alone may not be conclusive. *Id.* (citing 42

U.S.C. § 12111(8)); *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1233 (11th

Cir. 2005).

> The ADA regulations provide that other factors to consider are:
> (1) the amount of time spent on the job performing the function,
> (2) the consequences of not requiring the incumbent to perform the
> function, (3) the terms of the collective bargaining agreement, (4) the
> work experience of past incumbents in the job, and (5) the current
> work experience of incumbents in similar jobs.

*Davis*, 205 F.3d at 1305 (citing 29 C.F.R. § 1630.2(n)(3)).

A disabled employee only is entitled to reasonable accommodations.

42 U.S.C. § 12112(b)(5)(A). Reasonable accommodations may include "job

restructuring, part-time or modified work schedules, reassignment to a vacant

position, acquisition or modification of equipment or devices, . . . and other similar

10

accommodations." 42 U.S.C. § 12111(9)(B). An accommodation is not reasonable, and thus, not required, if it does not enable the employee to perform the essential functions of her job. 29 C.F.R. § (o)(2)(ii); *Lucas*, 257 F.3d at 1255-56. "While it is true that the ADA may require an employer to restructure a particular job by altering or eliminating some of its marginal functions, employers are not required to transform the position into another one by eliminating functions that are essential to the nature of the job as it exists." *Lucas*, 257 F.3d at 1260. Moreover, when harm to the employee may result, an accommodation may not be reasonable. *Id.* at 1260 & n.8.

We conclude from the record that the district court did not err in granting the School Board summary judgment on Woodruff's claim that she was discriminated against based on its failure to reasonably accommodate her in her job as Pre-K Assistant. She identifies only two requested accommodations that the School Board allegedly did not grant: permission to sit when possible and use her wheelchair when needed.[2] However, undisputed evidence showed that she was granted these accommodations and evidence did not support her theory that

---

[2] Woodruff's vague reference to "other accommodations" not granted is not sufficient to preserve the issue on appeal, and in any event, she waived any consideration of "other accommodations" by failing to raise the issue in the district court. *See Mathews*, 480 F.3d at 1268 n.3 (abandonment); *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1256 n.6 (11th Cir. 2005) (waiver).

employees "sabotaged" her ability to take advantage of these accommodations. Therefore, we affirm the grant of summary judgment on this claim.

IV.

As noted above, a reasonable accommodation may include reassignment to a vacant position. 42 U.S.C. § 12111(9)(B). An employer is not required to grant an employee a transfer to a different position if such a transfer violates a collective bargaining agreement because such an accommodation is not reasonable. *See Kralik v. Durbin*, 130 F.3d 76, 83 (11th Cir. 1997) (holding that a requested reassignment was not reasonable because it would violate the seniority rights of other employees). Moreover, the ADA does not require an employer to promote a disabled employee to accommodate her. *Lucas*, 257 F.3d at 1256. If the testimony from the employer indicates that a job is a promotion, and the plaintiff offers no evidence to the contrary, there is no genuine issue of material fact. *Id.* at 1257.

We conclude from the record that the district court erred, in part, in granting the School Board's motion for summary judgment on Woodruff's claim regarding her requests for transfer because, although it properly found that the failure to hire her for the Secretary position was not discriminatory, it erred in finding that she was not qualified for the non-sedentary positions she sought. First, although she was qualified for the Secretary position, the School Board's decision not to hire her

12

for that position was not discriminatory because undisputed evidence showed that it was a promotion from her position as Pre-K Assistant.

However, evidence created a genuine issue as to whether Woodruff was qualified for the numerous other non-sedentary positions she sought. Although medical evidence showed that she was limited to a desk job, other evidence showed that she could have performed the functions of the non-sedentary jobs she sought. For example, evidence showed that she continued to work in a non-sedentary job, the Pre-K Assistant position, without objection from the School Board, despite doctors' notes recommending a desk job. Other evidence showed that the positions she sought were less physically demanding than her Pre-K Assistant position, she thought that she could meet the physical requirements of the new jobs she sought, and the School Board deemed her "minimally qualified" and cleared her to interview for several of the non-sedentary positions she sought. Therefore, we conclude that the district court erred when it found that Woodruff did not present a *prima facie* case of discrimination in this regard because she was not a qualified individual for non-sedentary positions

Because the district court did not go beyond the *prima facie* phase of the burden shifting analysis applicable to this claim, we reverse the order of summary judgment, in part, on this claim and remand for further proceedings. Specifically,

13

Woodruff's remaining claim is that the School Board discriminated against her based on her disability when it denied her requests for transfer to several non-sedentary positions. We decline to consider the second two steps of the burden-shifting analysis on this claim because the record is not sufficiently clear on the issue to allow for its resolution on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.**